1

2

3                                                             O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  SEVAG YARALIAN,                )  Case No. CV 15-06930 DDP (GJSx)
                                   )
12              Plaintiff,         )  **ORDER DENYING PLAINTIFF'S MOTION**
                                   )  **TO REMAND**
13       v.                        )
                                   )  [Dkt. No. 15]
14  HOME DEPOT U.S.A., INC.,       )
                                   )
15              Defendants.        )
    _____)

16

17       Presently before the Court is Plaintiff Sevag Yaralian's

18  Motion to Remand.  (Dkt. No. 15.)  After reviewing the parties'

19  submissions, the Court adopts the following Order.

20  **I.   BACKGROUND**

21       Plaintiff brings the present action against Defendant Home

22  Depot U.S.A., Inc. for damages resulting from an injury Plaintiff

23  sustained while shopping at a store owned and operated by

24  Defendant.  (See Compl. ¶ 11.)  Plaintiff contends that due to

25  Defendant's negligence, a heavy piece of lumber fell on his

26  forehead, causing a serious injury.  (Id.)  In his complaint,

27  Plaintiff seeks an unspecified amount of damages as a result of his

28  injury.  (Id. at 4:19-28.)  Defendant timely removed the case to

1  this Court on the basis of diversity jurisdiction.  (See Def. Not.

2  of Removal.)  Plaintiff now moves this Court for an order remanding

3  the action to state court pursuant to 28 U.S.C. § 1447(c).  (See

4  Pl. Mot. Remand.)

5  **II.   LEGAL STANDARD**

6      A defendant may remove a case from state court to federal

7  court if the case could have originally been filed in federal

8  court.  28 U.S.C. § 1441(a).  There is a "strong presumption"

9  against removal and the Defendant has the burden of establishing

10 that removal is proper by a preponderance of evidence.  Gaus v.

11 Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); Morrison v. Zangpo,

12 No. C-08-1945 EMC, 2008 WL 2948696, at *1 (N.D. Cal. July 28,

13 2008).  A defendant has thirty days in which to remove the case

14 after receiving, "through service or otherwise, . . . a copy of the

15 initial pleading setting forth the claim for relief upon which such

16 action or proceeding is based."  28 U.S.C. § 1446(b)(1).  Likewise,

17 a "motion to remand the case on the basis of any defect other than

18 lack of subject matter jurisdiction must be made within 30 days

19 after the filing of the notice of removal under section 1446(a)."

20 28 U.S.C. § 1447(c).

21 **III. ANALYSIS**

22      Plaintiff argues that his "[m]otion for remand should be

23 granted because there is a strong presumption against removal

24 jurisdiction, the court must strictly construe the removal statute,

25 and Defendant fails to carry its burden of establishing federal

26 jurisdiction is proper in this case."  (Pl. Mot. Remand at 3:5-8.)

27 Specifically, Plaintiff alleges that "Defendant failed to establish

28

1  by a preponderance of the evidence that the amount in controversy

2  exceeds the jurisdictional threshold." (Id. at 3:22-24.)

3      Defendant argues in response "that it has met its burden of

4  establishing the amount of controversy in this matter exceeds the

5  threshold statutory amount of $75,000." (Def. Opp'n at 2:8-9.)

6  Defendant points to Plaintiff's pre-litigation settlement demand of

7  $196,000 and Plaintiff's refusal to stipulate that the amount in

8  controversy does not exceed $75,000. (Decl. Caitlin R. Johnson ¶¶

9  3, 7.) Defendant notes that not only did Plaintiff make a pre-

10 litigation settlement demand for $196,000, but also Plaintiff

11 refused to reduce the demand after commencing litigation. (Id. ¶¶

12 3, 4.) Further, Defendant offered to "stipulate to remand the

13 action . . . if [Plaintiff] stipulated that the amount in

14 controversy does not exceed $75,000," but Plaintiff refused. (Id.

15 ¶ 7.)

16     Plaintiff responds that his "refusal to stipulate is not

17 dispositive or even a persuasive factor in establishing the Court's

18 subject matter jurisdiction." (Pl. Reply at 5:16-18.) Further,

19 Plaintiff argues that the settlement letter is not relevant because

20 "Defendant has utterly failed to provide a shred of evidence or

21 analysis to support a finding that any alleged settlement offer was

22 a reasonable estimate of Plaintiff's claim." (Id. at 6:18-19.)

23 Plaintiff contends that the dismissal of Plaintiff's prayer for

24 punitive damages renders "unreliable" Plaintiff's pre-litigation

25 settlement demand. (Id. at 6:25-27.) Lastly, Plaintiff also makes

26 an evidentiary objection to Defendant's reference to the settlement

27 amount without including the actual settlement letter under the

28 Best Evidence Rule. (Dkt. No. 19.)

1    "Where the complaint does not demand a dollar amount, the

2    removing defendant bears the burden of proving by a preponderance

3    of evidence that the amount in controversy exceeds [the

4    jurisdictional threshold]."  Singer v. State Farm Mut. Auto Ins.

5    Co., 116 F.3d 373, 376 (9th Cir. 1997) (citing Sanchez v.

6    Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)).

7    "When a '[d]efendant's calculations [are] relatively conservative,

8    made in good faith, and based on evidence wherever possible,' the

9    court may find that the '[d]efendant has established by a

10   preponderance of the evidence that the amount in controversy' is

11   met."  Geerlof v. C & S Wholesale Grocers, Inc., No. 2:13-cv-02175-

12   MCE, 2014 WL 1415971, at *7 (E.D. Cal. Apr. 14, 2014) (quoting

13   Behrazfar v. Unisys Corp., 687 F. Supp. 2d 999, 1004 (C.D. Cal.

14   2009)).  The court may additionally "consider[] facts presented in

15   the removal petition as well as any 'summary-judgment-type evidence

16   relevant to the amount in controversy at the time of removal.'

17   Conclusory allegations as to the amount in controversy are

18   insufficient."  Matheson v. Progressive Specialty Ins. Co., 319

19   F.3d 1089, 1090-91 (9th Cir. 2003) (quoting Singer, 116 F.3d at

20   377)(footnotes omitted).

21       Evidence in an opposition to a motion for remand is treated as

22   an amendment to the notice of removal and can be considered for

23   purposes of establishing the amount in controversy.  Cohn v.

24   Petsmart, Inc., 281 F.3d 837, 840 n. 1 (9th Cir. 2002).  This

25   evidence may include settlement letters, affidavits, declarations,

26   and a party's refusal to stipulate that damages are below the

27   statutory threshold.  See Babasa v. LensCrafters, Inc., 498 F.3d

28   972, 975 (9th Cir. 2007) (quoting Cohn, 281 F.3d at 840) ("We

1  previously have held that '[a] settlement letter is relevant

2  evidence of the amount in controversy if it appears to reflect a

3  reasonable estimate of the plaintiff's claim.'"); Geerlof, No.

4  2:13-cv-02175-MCE, 2014 WL 1415974, at *4 (E.D. Cal. Apr. 14,

5  2014)(quoting Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400

6  (9th Cir. 2010)) ("When a defendant must show that the amount in

7  controversy exceeds the statutory amount, the defendant 'may rely

8  upon affidavits and declarations to make that showing; . . . .'");

9  Morella v. Safeco Ins. Co. of Ill., No. 2:12-cv-00672-RSL, 2012 WL

10 2903084, at *1 (W.D. Wash. July 16, 2012) (finding that a refusal

11 to stipulate was relevant although not conclusive in determining

12 amount in controversy).

13       Here, Defendant has satisfied its burden of proving the amount

14 in controversy exceeds the statutory amount.  In its Notice of

15 Removal, Defendant concluded that, based on the allegations in the

16 complaint, the amount in controversy exceeds $75,000 in this case.

17 (Def. Not. of Removal ¶ 10.)  However, Defendant failed to provide

18 any evidence beyond its assertion, and such conclusory allegations

19 are insufficient to meet the preponderance of evidence standard.

20 But Defendant's assertion is now supported by evidence presented in

21 Defendant's Opposition to Plaintiff's Motion for Remand.

22       Specifically, Defendant presents evidence of Plaintiff's pre-

23 litigation settlement demand of $196,000, Plaintiff's refusal to

24 reduce the demand, and Plaintiff's refusal to stipulate that the

25 amount in controversy does not exceed $75,000.  (Decl. Caitlin R.

26 Johnson ¶¶ 3, 4, 7; Def. Response to Pl. Evidentiary Objection, Ex.

27 A (attaching the actual settlement letter from Plaintiffs in

28 response to Plaintiff's evidentiary objection).)  As the Ninth

1 Circuit has made clear, "the amount in controversy inquiry in the

2 removal context is not confined to the face of the complaint."

3 <u>Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115, 1117 (9th Cir. 2004).

4 Instead, "the defendant 'may rely upon affidavits and

5 declarations'" to show that the amount in controversy exceeds the

6 statutory amount.  <u>Geerlof</u>, No. 2:13-cv-02175-MCE, 2014 WL 1415971,

7 at *4 (quoting <u>Lewis</u>, 627 F.3d at 400).  Here, the settlement

8 demand outlines in a reasonable manner the basis for Plaintiff's

9 settlement amount, which is above $75,000 even without the punitive

10 damages included.  Because Defendant's calculations are reasonably

11 supported by the evidence it now submits, the Court finds Defendant

12 has established that the amount in controversy exceeds $75,000.

13 **IV.  CONCLUSION**

14     For the reasons discussed above, the Court DENIES Plaintiff's

15 Motion to Remand.  (Dkt. No. 15.)  Plaintiff's Evidentiary

16 Objection is OVERRULED.  (Dkt. No. 19.)

17

18 IT IS SO ORDERED.

19

20

21 Dated: December 9, 2015

                                DEAN D. PREGERSON
22                              United States District Judge

23

24

25

26

27

28